### SAMUEL CURTIS *vs.* EASTERN RAILROAD COMPANY.

If a railroad company in the original construction of their railroad open up a supply of underground water, which after some years inundates their track, and the company thereupon conduct the same by an artificial channel upon the land of another, not included within their location, they may be held liable in an action of tort therefor, provided such mode of discharging the water is not reasonably necessary to the maintenance of their railroad; and whether it is reasonably necessary is a question for the jury.

TORT against a railroad corporation to recover damages for discharging water upon land of the plaintiff.

At the trial in the superior court, before *Brigham*, J., the plaintiff offered to prove the following facts: The defendants, in building their railroad in 1846, opened up a large supply of underground water; and, in consequence of the inundation

Curtis *v.* Eastern Railroad Company.

of their railroad by this water in 1860, they made an addi-
tional excavation where the water was found, in order to pro-
vide a passage for it along their track, until, at a point opposite
to the land of the plaintiff, they turned it upon his prem-
ises, by a channel made by them at right angles; and after-
wards, in consequence of remonstrances by the plaintiff, they
continued the channel for some distance along the side of their
track, and again turned it off in the direction of the plaintiff's
land, so that the water must of necessity flow upon the same.
The plaintiff contended that these acts of the defendants were
not necessary for the purpose of relieving their railroad from
water, and that, by conducting the water a short distance fur-
ther, a natural watercourse would have been reached, into
which it might have been discharged; but the judge ruled that
the facts which were offered in proof were not sufficient to sup-
port the action, and directed the jury to return a verdict for the
defendants, which they did. The plaintiff alleged exceptions.

*B. H. Smith,* for the plaintiff. The rules of law as to surface
waters are not applicable to this case, because this was not
surface water. Washburn on Easements, 225. *Kauffman* v.
*Griesemer,* 26 Penn. State R. 407, 413. *Martin* v. *Riddle,* Ib.
415, *n.* *Earl* v. *De Hart,* 1 Beasley, (N. J.) 280. *Shaw* v.
*Cummiskey,* 7 Pick. 76. *Dickinson* v. *Worcester,* 7 Allen, 19.
Nor can the defendants justify their acts on the ground that they
may protect themselves, to the prejudice of their neighbor.
*The King* v. *Trafford,* 1 B. & Ad. 874; *S. C.* 8 Bing. 204.
*Earl* v. *De Hart,* above cited. If the defendants justify under
their charter, they must at least show that they have taken
reasonable precautions to prevent injurious consequences to the
plaintiff. *Sprague* v. *Worcester,* 13 Gray, 193. *Perry* v. *Wor-
cester,* 6 Gray, 544. *Mellen* v. *Western Railroad,* 4 Gray, 301.
*Estabrooks* v. *Peterboro & Shirley Railroad,* 12 Cush. 224.

*S. B. Ives, Jr.,* for the defendants. The defendants did
nothing more than they had a legal right to do, under their
charter. In excavating for their road, they opened a spring
The plaintiff contends that they have violated his rights by fail
ing to carry the water a short distance further; and seeks to

bring this case within the doctrine of *Mellen* v. *Western Rail-road*, 4 Gray, 301, where it was held that obstructing a natural watercourse more than is necessary will render a railroad corporation trespassers. But this was not a watercourse, having neither a channel nor defined banks. *Ashley* v. *Wolcott*, 3 Gray 571. Nor does that doctrine apply to an omission to do something, such as is alleged in the present case. In the exercise of their rights, the defendants opened a living spring of water which they could be under no obligation to take care of. Can the question of convenience be tried in as many actions as may be brought by different owners of lands which may be flowed ?

HOAR, J.* The court are of opinion that the exceptions of the plaintiff must be sustained, and a new trial granted.

The defendants opened a supply of water in the excavations made for the purpose of constructing their railroad ; and to prevent the inundation of their road carried it in an artificial channel until they discharged it upon the plaintiff's land. It is obvious that such an artificial watercourse cannot be made and emptied by one landowner upon the land of another, to his injury, without liability to an action at common law. The rules which apply to the management of mere surface water have no application to such a case. There is no natural servitude by which the lower estate is subject to receive the water which comes from higher ground under such conditions. The defendants must therefore show a right to do the acts complained of under the authority conferred by their charter, or they cannot maintain their defence.

They have not taken the plaintiff's land by their location. If they had occasion to use land not included in their location, for the purpose of making or securing their road, they could not appropriate it without the owner's consent, except upon application to the county commissioners, and by their permission. Gen. Sts. *c.* 63, § 55; Rev. Sts. *c.* 39, § 55. If therefore the injury done to the plaintiff's land could be considered as taking the land for the use of the railroad, the defence on this ground

* BIGELOW, C. J. did not sit in this case.

must fail, because it is not included in the location of the road, and there has been no application to the county commissioners.

But there are damages to land which may be occasioned by the construction or maintenance of a railroad, where the land is not taken, and yet where the acts done are justifiable, as necessarily incident to the grant of authority to build and maintain the road. For such acts the railroad company are not answerable as wrong doers, but the remedy of the party injured is by a petition for the assessment of his damages in the mode provided by statute. Instances of such acts may be found in the case of blasting rocks on the line of the railroad, to the injury of neighboring estates; and of draining water upon lands adjacent, by means of a culvert, or by widening or changing the bed of a stream. *Dodge* v. *County Commissioners,* 3 Met. 380. *Ashby* v. *Eastern Railroad,* 5 Met. 371. *Babcock* v. *Western Railroad,* 9 Met. 553. *Brown* v. *Providence, Warren & Bristol Railroad,* 5 Gray, 35.

In the case of *Babcock* v. *Western Railroad,* the court express themselves as strongly inclined to the opinion that, as the grant of power to execute a public work carries with it an authority to do all that is necessary to accomplish the object, the defendants in that case had authority under their charter to widen a watercourse on the plaintiff's land, for the purpose of carrying off water from their railroad; and that it was not to be regarded as a taking of the land. But they say that, to justify such an interference with land not taken, it must appear to be necessarily incident to the prosecution of the work, and not merely convenient.

In regard to land included within the location, the railroad company are themselves the judges of the extent to which it is necessary to use it, their easement being of the largest possible description. *Brainard* v. *Clapp,* 10 Cush. 6. But, in order to justify an injury to land not taken, it must be shown to have been reasonably necessary to the proper construction and maintenance of the railroad; and of this necessity the officers of the road are not the final judges.

We are therefore of opinion that the case should have been submitted to the jury, under proper instructions, to find whether the discharge of the water upon the plaintiff's land was necessary and proper in the course of constructing, securing or maintaining the defendants' road. This necessity would not be an absolute physical necessity, arising from an impossibility of accomplishing the object in any other manner. If it were reasonably necessary; that is, if the work could not otherwise be accomplished without great or disproportionate expense or labor, or not so safely and effectually; that would be enough for the defendants to prove. But it was a question for the jury upon the evidence. *Exceptions sustained.*